UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTHA J. SMOKER,

    Plaintiff,                                       Case No. 1:11-cv-145

v                                                    HON. JANET T. NEFF

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

**TEMPORARY RESTRAINING ORDER**
**and ORDER TO SHOW CAUSE**

Pending before the Court in this removed action is Plaintiff's January 24, 2011 Motion for an Ex Parte Temporary Restraining Order, Show Cause, and Preliminary Injunction (Dkt 1-2). FED. R. CIV. P. 65. The action was removed by Defendant to this Court before the state court acted on Plaintiff's motion. Service of the motion on Defendant is implied by Defendant's filing of the Notice of Removal and associated state court documents in this Court. This Court has not yet received a response to the motion from Defendant.

In 2004, Plaintiff entered into a mortgage with Defendant on her home at 703 Weaver Circle, Kalamazoo, Michigan (Dkt 1-2, State Court Verified Compl., ¶ 7). On December 16, 2010, her home was allegedly transferred via Sheriff's Deed to Federal National Mortgage Association (*id.* ¶ 22). On January 24, 2011, Plaintiff initiated this action in the Ninth Circuit Court for the County of Kalamazoo, Michigan, alleging: (1) that injunctive relief is warranted under MICH. COMP. LAWS § 600.3205a(5) inasmuch as Defendant violated state law in failing to provide a statutorily prescribed 90-day pre-foreclosure negotiation period and failing to comply with the requisite notice

(*id.* ¶ 30); (2) that Defendant engaged in a deceptive and predatory Loan Modification Fraud, and that Plaintiff relied upon Defendant's misrepresentations to her detriment (*id.* ¶ 39); (3) that Defendant breached its valid and fully executed Loan Modification Agreement with her by continuing collection and foreclosure proceedings (*id.* ¶ 42); (4) that Defendant violated the Mortgage Broker's Lender's and Service's Licensing Act, MICH. COMP. LAWS § 445.1672a(2) (*id.* ¶ 45); (5) that Defendant violated Michigan's Collection Practices Act, MICH. COMP. LAWS § 339.901 *et seq.* (*id.* ¶ 49); (6) that Defendant violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (*id.* ¶ 51); and (7) that Defendant committed conversion inasmuch as Defendant refuses to reconvey the property to Plaintiff, despite her immediate right to title to the property (*id.* ¶¶ 56-57).

In Plaintiff's Motion for an Ex Parte Temporary Restraining Order, Show Cause, and Preliminary Injunction, she seeks to enjoin Defendant from both "evicting Plaintiff from her home" and "proceeding with the process of foreclosure" (Dkt 1-2, Mot. ¶ 10). She contends that injunctive relief is appropriate pursuant to MICH. COMP. LAWS § 600.3205a(5) (providing that "[a] borrower on whom notice is required to be served under this section who is not served and against whom foreclosure proceedings are commenced under this chapter may bring an action in the circuit court for the county in which the mortgaged property is situated to enjoin the foreclosure") (*id.* ¶ 5).

On February 9, 2011, Defendant, a bank chartered in South Dakota, removed the action to this Court, citing federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction as proper bases for removal (Dkt 1, Notice of Removal ¶¶ 4-5). 28 U.S.C. §§ 1331, 1332, 1367. As noted, the state court did not decide Plaintiff's motion before Defendant removed the case here.

The issuance of a temporary restraining order lies within the discretion of the district court.

*Northeast Ohio Coalition for Homeless and Service Employees Intern. Union, Local 1199 v. Blackwell,* 467 F.3d 999, 1009 (6th Cir. 2006). To determine whether a TRO should issue, courts consider (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent an injunction, (3) whether the issuance of an injunction would cause substantial harm to others, and (4) whether the public interest would be served by issuing an injunction. *Id.* "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir. 1991)).

Further, "the likelihood of success that need be shown will vary inversely with the degree of injury the plaintiff will suffer absent an injunction." *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985). "[I]t is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.,* 511 F.3d 535, 543 (6th Cir. 2007) (citing *DeLorean,* 755 F.2d at 1229).

Having reviewed Plaintiff's Verified Complaint, Motion and accompanying brief, the Court finds that Plaintiff has shown that grave harm is threatened, that her claims provide fair grounds for litigation, that any harm to Defendant will not likely be "substantial," and that the public interest lies in maintaining the status quo pending adjudication of this case. In sum, the balance of the factors weighs in favor of protecting Plaintiff from the threat of eviction until this Court hears the Motion for a Preliminary Injunction and has the benefit of a more complete record. Accordingly:

**IT IS HEREBY ORDERED** that Defendant Wells Fargo Bank, N.A., its agents and representatives, are TEMPORARILY ENJOINED and RESTRAINED from (1) evicting Plaintiff

from her home at 703 Weaver Circle, Kalamazoo, Michigan, and (2) proceeding with the process of foreclosure.

**IT IS FURTHER ORDERED** that Defendant shall appear in this Court on <u>Tuesday, March 15, 2011</u>, at 4:00 p.m., 401 Ford Federal Building, 110 Michigan Street NW, Grand Rapids, Michigan to show cause why a Preliminary Injunction should not be issued.

**IT IS FURTHER ORDERED** that all counsel of record shall be present in person at the March 15, 2011 Show Cause Hearing and shall be prepared to apprise the Court of the current status of the property and the character of the foreclosure proceeding, including the applicable redemption period.

**IT IS FURTHER ORDERED** that Defendant shall file a Response to Plaintiff's Motion for Preliminary Injunction (Dkt 1-2) no later than <u>Wednesday, March 2, 2011</u>.

Date: February 17, 2011 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge